UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| A.C., et al., | ) | |
|     Plaintiffs, | ) | Civil Action No. 5: 23-234-DCR |
| V. | ) | |
| ERIC FRIEDLANDER, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
|     Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The plaintiffs, all minor children acting through their Guardian ad Litem, Richard F. Dawahare, initiated a proposed class action against Defendant Eric Friedlander[1] in the Fayette Circuit Court on July 14, 2023. [Record No. 1] Friedlander filed a Notice of Removal on August 8, 2023, asserting that the plaintiffs' complaint invokes this Court's federal question jurisdiction. [*Id.*] He further moved for dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on August 14, 2023. [Record No. 3]

In addition to the foregoing, the plaintiffs have filed a motion to remand the action to state court. They argue that: (i) this matter does not contain a cause of action within the Court's original jurisdiction; (ii) the matter does not raise a substantial federal question; and (iii) the relief sought falls squarely within the jurisdiction of Kentucky's state courts. For the reasons set forth below, the plaintiffs' motion will be granted and this case will be returned to the Fayette Circuit Court for further proceedings.

---

[1] Eric Friedlander is sued in his official capacity as Secretary for the Cabinet of Health and Family Services of the Commonwealth of Kentucky.

I.

The plaintiff children are victims of parental dependency, neglect, or abuse ("DNA children") who have been placed in relative or fictive kin[2] foster care. They allege that Friedlander is violating their equal protection rights under the Kentucky Constitution in three ways. First, they contend that he is failing to disburse Foster Care Maintenance Payments to DNA children placed in relative or fictive kin foster care. The second alleged violation is that he is coercing the plaintiffs' relatives and fictive kin to sign contracts relinquishing rights belonging solely to the plaintiffs. And third, they contend that, by placing the plaintiffs and those similarly situated in foster homes that have not been adequately vetted for safety and appropriateness, he is exposing them to potential harm.

The complaint includes six counts: Violations of the Equal Protection Clause of Sections 1, 2, & 3 of the Kentucky Constitution (Count I); Violations of *D.O. v. Glisson* (Count II); Violations of Contract Law (Count III); Possible Violations of Equal Protection Right to Safe Foster Placement (Count IV); and claims for injunctive and declaratory relief (Claims V & VI). [Record No. 1-1] Friedlander contends that Counts II and IV raise a federal question per the well-pleaded complaint rule and that even if the plaintiffs' complaint avoids direct reliance on federal law, the artful pleading and substantial federal question exceptions make federal jurisdiction proper.

---

[2] "Fictive kin" refers to an individual not related to a child by birth, adoption, or marriage, but who has an emotionally significant relationship with the child. KRS 600.020(28)

II.

"[T]he defendant has the burden of establishing that removal is proper." *Conrad v. Robinson*, 871 F.2d 612, 614 (6th Cir. 1989). If there is any doubt as to the right of removal, that doubt should be resolved in favor of remand to the state court. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549–50 (6th Cir. 2006). And with limited exceptions not relevant here, a defendant may remove a civil action to federal court if the action could have been brought there originally. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005); 28 U.S.C. 1441(a). A district court's federal-question jurisdiction encompasses "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The Supreme Court has narrowed this grant of jurisdiction to include "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27–28 (1983).

III.

A.

The most straightforward path to federal court is by raising a federal cause of action. When a plaintiff's complaint seeks relief under a federal statute or the United States Constitution, federal-question jurisdiction exists. However, courts generally defer to the plaintiff as "the master of the complaint," and allow the plaintiff to have his case heard in state court "by eschewing claims based on federal law." *Caterpillar Inc. v. Williams*, 482 U.S. 386,

398–99 (1987); *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002).

In the present case, the plaintiffs' complaint begins with an introduction: "This action challenges Defendant's violation of Plaintiff Children's equal protection rights under Sections 1, 2, and 3 of the Kentucky Constitution . . . ." [Record No. 1-1, p. 5]. It does not refer to any cause of action arising under federal law. Further, the injunctive and declaratory relief sought referemces the laws and constitution of the Commonwealth of Kentucky. [*Id.* at 58–60]

Friedlander concedes that the plaintiffs do not explicitly plead a cause of action based upon federal statute. He argues, however, that removal is proper because the complaint is premised on violations of the federal constitution and 42 U.S.C. § 672. *See D.O. v. Glisson*, 847 F.3d 374, 375–76 (6th Cir. 2017) (holding that the Child Welfare Act creates a private right to foster-care maintenance payments enforceable by a foster parent under 42 U.S.C. § 1983). In either instance, relief would be available to the plaintiffs under 42 U.S.C. § 1983, yet they have not chosen that route.

Merely alleging violations of federal law "as one available criterion for determining" wrongdoing does not necessarily invoke federal jurisdiction when the complaint expressly seeks relief under state law. *See Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 807 (1986). Instead, district courts look to determine if the complaint "is drawn so as to claim a right to recover under the Constitution and laws of the United States." *Bell v. Hood*, 327 U.S. 678, 681 (1946). The complaint here unambiguously indicates that the plaintiffs are pursuing remedies under state law. Thus, in the absence of any federal cause of action apparent on the face of a well-pleaded complaint, this route to a federal forum is blocked.

**B.**

A second pathway for federal jurisdiction is available when relief under a state-law claim requires the resolution of a substantial federal question. The substantial-federal-question doctrine permits federal jurisdiction over a state law claim if a federal issue is: "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Fried v. Sanders*, 783 F. App'x 532, 534 (6th Cir. 2019) (analyzing *Gunn v. Minton*, 568 U.S. 251, 258 (2013)). "Where all four of these requirements are met," federal jurisdiction is proper. *Gunn*, 568 U.S. at 258. But the Sixth Circuit has clear held that "[t]his pathway is a 'slim category,' that is to be read narrowly." *Est. of Cornell v. Bayview Loan Servicing, LLC*, 908 F.3d 1108, 1014 (6th Cir. 2018) (first quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 701 (2006); and then citing *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 568 (6th Cir. 2007) (en banc)).

The Court first asks whether the relief sought by the plaintiffs *necessarily depends* on a substantial question of federal law. *Thompson v. Merrell Dow Pharms., Inc.*, 766 F.2d 1005, 1006 (6th Cir. 1985), aff'd, *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 807 (1986) (noting that despite the plaintiff's claim referencing federal law, relief did not depend on it as a jury could still find wrongdoing exclusively under state law). Friedlander argues that removal is proper because "analysis of violations of *D.O. v. Glisson* requires analysis of 42 U.S.C. § 670 et seq."[3] [Record No. 6, p. 10] But such an interpretation would drastically

---

[3] Friedland misguidedly cites *Liberty Legal Foundation v. National Democratic Party of USA, Inc.*, 868 F. Supp. 2d 734 (W.D. Tenn. 2012), as illustrative of this principle. There, relief under the alleged state-law claims *required* a showing that the defendants misrepresented a

subdue this first requirement. As coequal sovereigns in the federal system, state courts have "inherent authority, and are thus presumptively competent, to adjudicate claims arising under the laws of the United States." *Tafflin v. Levitt*, 493 U.S. 455, 458 (1990).

This requirement is really asking: If a question of federal law is not resolved, can the plaintiff still recover? The answer in this case is "yes."

Count II begins with the observation that, "[b]ecause Defendant's implementation of the Child Welfare Act violates the equal protection guarantees of the Kentucky Constitution, it also violates the explicit holding in *D.O. v. Glisson*." [Record No. 1-1, ¶ 78] While Friedlander asserts that this calls for litigation of 42 U.S.C. § 672, the undersigned respectfully disagrees. "When a state-created cause of action is supported by alternative, independent theories—one of which is a state law theory and the other a federal law theory—federal question jurisdiction does not attach because federal law is not an essential or necessary element of the cause of action." *Walker v. City of Collegedale*, No. 04 CV 283, 2004 WL 3327266, at *7 (E.D. Tenn. Nov. 8, 2004) (citing *Christianson v. Colt Indus.*, 486 U.S. 800, 808 (1988)). When read in context, Count II appears to merely bolster the plaintiffs' claim by suggesting that a violation of Kentucky's Constitution necessarily violates federal law as well. However, the relief sought by the plaintiffs under the state constitution does not hinge on a particular interpretation of the Sixth Circuit's holding in *Glisson* or litigation of 42 U.S.C. § 672.

---

material fact. Whether the fact was misrepresented was *dependent* on an interpretation of federal law. Here, however, an element of the state-law claim does not hinge on a federal question.

In short, because resolution of a substantial federal question is not a prerequisite for the relief being sought under the plaintiffs' chosen state cause of action, the well-pleaded complaint rule does not support conferring federal jurisdiction.

### IV.

Apart from the foregoing analysis, there are two narrow exceptions to the well-pleaded complaint rule: complete preemption and the artful pleading doctrine. *Mikulski*, 501 F.3d at 560. In limited circumstances, these exceptions allow a district court to look outside the face of a well-pleaded complaint and recast a state cause of action as a federal claim. *Vaden v. Discovery Bank*, 556 U.S. 49, 61 (2009). Complete preemption principles, however, only apply in limited instances and this is not one of them.

Finally, under the artful-pleading doctrine, a court may "look past the words of a complaint to determine whether the allegations, no matter how the plaintiff casts them, ultimately involve a federal question." *Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 475 (6th Cir. 2008). "[And] where federal and state claims are not identical, the artful pleading doctrine has been held not to apply." *Her Majesty the Queen v. City of Detroit*, 874 F.2d 332, 340 (6th Cir. 1989). The complaint in this case seeks relief under Kentucky's constitution and does not mask federal causes of action as state claims. Thus, where, as here, the complaint does allege violations of federal law, it neither relies on nor obscures them as state claims.

### V.

Based on the foregoing, it is hereby **ORDERED** that the plaintiffs' motion to remand this action [Record No. 4] is **GRANTED**. This action is **REMANDED** to Fayette Circuit Court and **STRICKEN** from this Court's docket.

Dated: October 2, 2023.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky